Dear Mayor Fontenot:
You have asked this office to determine whether an individual may be a part-time employee of the Town of Simmesport and a part- time employee of the Simmesport Housing Authority.
The Dual Officeholding and Dual Employment Laws, R.S. 42:61 et seq., do not prohibit one from holding two part-time positions in separate political subdivisions of the state. R.S. 42:62 sets forth the following pertinent definitions:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
* * * * *
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
* * * * *
 (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
A housing authority is a political subdivision of the state. R.S.40:384(16) states:
 (16) "Local housing authority" or "authority" means a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which established or establishes it or which may appoint some or all of its commissioners. Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law." (Emphasis added).
Since both positions are part-time, the prohibition of R.S. 42:63(E) is inapplicable. That portion of statute prohibits only the holding of both positions if both positions are full-time:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full- time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
We are without facts to make a determination regarding the applicability of the statute which prohibits the holding of incompatible offices, but we suggest that R.S. 42:64(A)(4), (5) (6) be reviewed for possible relevance:
 In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
******
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
While we think that the general Dual Officeholding provisions do not prohibit the holding of both positions, we are concerned about R.S. 40:539(8), providing:
 (8) Except as provided in the Constitution of Louisiana and as may otherwise be authorized by the State Civil Service Commission, all employees of the authority, except authority members, the executive director, and one other employee whom the authority shall designate and employ, and except professional employees employed on a contract basis, shall be in the classified state civil service.
An employee of the authority "shall be in the classified state civil service". Because authority employees are civil service employees, state civil service rules and regulations which should be reviewed to ensure that the simultaneous holding of the positions is not prohibited.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: February 28, 2003